YOUNG, WRISTON & ORR *v.* W. R. McLEAN and others.

Where an obligation had been given for $788, "payable in currency or in gold, at the rate $145 in currency for $100 in gold, at the option of the holder;" *Held* that the holder might maintain a suit upon it without making any determination of his *option* previous to that contained in the summons or complaint.

ACTION for the recovery of money only, tried before *Logan,* J., at MECKLENBURG, Spring Term 1869.

The complaint was for non-payment of a bond as follows:

$788.16. Twelve months after date we promise to pay Young, Wriston and Orr, seven hundred and eighty-eight dollars and sixteen cents, with interest from date, payable in currency or in gold, at the rate of $145 in currency for $100 in gold, at the option of the holder of the note.

The defendants demurred because "the plantiffs do not aver that the defendants have been notified of the option of the holder of said note."

His Honor overruled the demurrer and gave judgment for the plaintiff for $788.16 with interest and costs.

The defendants appealed.

*Boyden & Bailey*, for the appellants.

An omission to aver performance of a condition precedent, or an excuse for non-performance, is fatal on demurrer, or in case of judgment by default. Chit. Pl. 1. 360.

Where any option remains to be exercised by the plaintiff, notice of his having determined that option ought to be given before sueing. Pars. Cont. 2, 182, n. (v) Selwyn N. P., 1, 113, Chit. Cont. 731.

*Wilson, contra.*

SETTLE. J. It is contended that there is a fatal objection to a recovery in this case, because the plaintiff failed to notify the defendants of his option in respect to the currency in which he would accept payment, before suit brought.

There is a marked distinction between this case, and those cited by the defendants' counsel, upon the argument. Indeed we have not been able to find any authority in point. We admit the general rule that the performance of a condition precedent must be alleged in the complaint, and it is also clear that where the price of an article sold depends by the contract on some collateral fact, exclusively within the knowledge of the plaintiff, he must notify the defendant before he can recover. But we do not see how these principles conflict with the conclusion at which we have arrived. Contracts must be construed so as to carry out the intention of the parties. This is a fundamental principle. Can there be a doubt that it was the intention of the parties, in framing the bond in this manner, to give to the plaintiff whatever advantage might arise from the fluctuation of the currency, and that the defendants entered into the contract with their eyes open ?

If the terms are hard, which we do not admit, the defendants made them so, and they ought not to complain of the form in which the plaintiff seeks redress.

Even supposing that the obligation was an alternative one, and that the option was to be made and notified by the plain-

tiff, either within a reasonable time before, or at the maturity of the bond, but if not made by that time the benefit of it was lost, and the obligation became an absolute one for the amount payable in currency, the defendants cannot complain, for the demand here is for currency, and the action was all the notice that was required.

But shall the defendants be allowed to say that the terms, which they submitted to, and which were intended for the benefit of the plaintiff, shall operate as a condition precedent and defeat that intention; and that, as the plaintiff did not make known his election before the bond fell due, or at all events, before suit brought, he now has no remedy ?

It is the debtor's duty to seek the creditor, but this construction would shift the burden from the debtor to the creditor, and make what was intended as a benefit, operate as a hardship upon the creditor.

PER CURIAM.                         Judgment affirmed.